[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the early morning hours of January 27, 1995, Officer Sloan of the New London Police Department received information CT Page 4213-Y from the dispatcher to the effect that two citizens had complained about an erratic driver in the Briggs Street area of New London. Included in the information over the dispatch were a license plate number and the color of the automobile in question. The plate in question, it was discovered, was registered to the defendant at his address. The information was consistent with someone's driving under the influence.
At about 1:00 a.m., Officer Sloan was patrolling Ocean Avenue, fairly close to the address at which the red car was registered. He saw the car go by and, confirming the license plate number, followed it. The car was operated without noticeable abnormality and then made an exceptionally wide turn onto Bayshore Drive, the address previously given for the car. Sloan pulled the car over at this point and saw the defendant Laffey driving. Apparently, evidence was obtained or observed during this encounter, and the defendant has moved to suppress whatever evidence resulted from the stop.
The defendant argues that, in light of the absence of details of erratic driving, as observed by the complainants and the fact that the only example of unsafe driving observed by the officer was an abnormally wide turn, there were insufficient objective facts to justify the Terry-type stop. The state, on the other hand, suggests that the two complaints, corroborated in some respects by the officer, together with a wide turn and the time of day, constitute sufficient reason to stop the car. The defendant has moved to suppress any evidence resulting from the stop.
A detention of a motor vehicle, even if brief, is a "seizure" for purposes of the fourth and fourteenth amendments
to the United States Constitution and article first, § 7 of the Connecticut Constitution. State v. Lamme, 216 Conn. 172 (1990);State v. Anderson, 24 Conn. App. 438 (1991). A brief investigatory detention, without probable cause and without a warrant, is permitted, "provided the police have a reasonable and articulable suspicion that the occupants have engaged . . . in criminal activity." State v. Anderson, supra, 441. Reasonable suspicion may be based upon "tips" from citizens, if the reliability is verified to some degree by the totality of the circumstances. State v. Holloman, 20 Conn. App. 521, 525
(1990); State v. Anderson, supra, 442-43.
In State v. Anderson, supra, the police received an CT Page 4213-Z anonymous tip to the effect that the driver of a truck, which was particularly described and said to be in a particular location, was driving while his license was suspended. An officer was dispatched to the scene and found the truck as precisely described. Thus, many details of the tip were confirmed by the observations of the officer; it was therefore reasonable briefly to detain the defendant for further investigation, even though the "criminal" part of the tip had not been independently corroborated or confirmed.
It is also clear that an officer's observations of a car weaving within a lane a travel, after he had observed the same car with its turn signal on in the parking lot of a bar, justified a limited detention to investigate the possibility of driving under the influence, even though the observed conduct was not in itself criminal. State v. Harrison, 30 Conn. App. 108,113-14 (1993).
The instant case has ingredients common to bothHarrison and Anderson. There were two citizen complaints of erratic driving by the driver of a car with a specific marker. Though there was no evidence of any details of the erratic driving in the tips, the tips are, to an extent, mutually corroborative. The detail of the specific marker adds credibility as does, to a lesser degree, the color of the car. The location in which the officer saw the car was consistent with the registered owner's address, and the wide turn, though not in itself necessarily criminal, is certainly consistent with a need to follow up with a brief investigatory detention and is a factor in the totality of the circumstances.
In conclusion, it is found that the two tips were specific as to the vehicle and were, to an extent, mutually corroborative. The officer's own observations corroborated a portion of the tip, and the observation of a wide turn contributed to the totality of the circumstances. The officer had an articulable basis for a reasonable suspicion, and the brief initial detention was warranted. The motion to suppress is denied. CT Page 4213-AA